UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: _____

PRAXIS ENERGY AGENTS S.A.

        Petitioner,

v.

NIKOLAOS PERATICOS a/k/a NICHOLAS
PERATICOS a/k/a NICOLAS PERATICOS,
ELEANORA MARITIME INC. and MYSTRAS
MARITIME CORP.,

        Respondents.
_____/

## VERIFIED PETITION TO DOMESTICATE A FOREIGN JUDGMENT

Petitioner, PRAXIS ENERGY AGENTS S.A. ("Praxis"), by and through their attorneys, hereby files this, its Verified Petition to Domesticate a Foreign Judgment Complaint, and alleges upon information and belief as follows:

1. Petitioner Praxis is a foreign business entity, with a registered address in the British Virgin Islands and at all material times hereto, operated from its offices in Glyfada, Athens, Greece.

2. Upon information and belief and at all material times herein, Respondent, NIKOLAOS PERATICOS a/k/a NICHOLAS PERATICOS a/k/a NICOLAS PERATICOS (hereinafter "Peraticos"), was a resident of Piraeus, Greece and was the sole, beneficial owner of numerous vessels and shipping companies.

3. Upon information and belief and at all material times, Respondent, ELEANORA MARITIME INC. (hereinafter "Eleanora"), was an entity duly organized and existing pursuant to the laws of Liberia and operating in Piraeus, Greece.

4. Upon information and belief and at all material times herein, Respondent, MYSTRAS MARITIME CORP. (hereinafter "Mystras"), was an entity duly organized and existing pursuant to the laws of Liberia and operating in Piraeus, Greece. All respondents will be collectively referred to as "Respondents."

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because the parties to the action are citizens of a foreign state and the amount in controversy exceeds USD 75,000.

6. This action is also subject to this Court's admiralty jurisdiction pursuant to Fed. R. Civ. P. 9(h) because the underlying dispute is maritime in nature and concerns a breach of maritime contract.

7. Venue is proper in this Court pursuant to 28 USC § 1391 (b)(3) because it is believed that the Respondents maintain property within this district. Venue is also proper in this Court pursuant to 28 USC § 1391 (c)(3) because the Respondents do not reside in the United States.

## FACTS AND CLAIM

8. Petitioner engages in the business of selling fuels and lubricants to sea going vessels worldwide.

9. On or about January 30, 2003, Petitioner arranged for quantities of fuel oil and diesel oil to be brought onboard the oil tanker LANNER. The LANNER is owned by Mystras. An invoice was issued for delivery of the fuel oil and diesel oil totaling USD 146,018.92. Payment of this invoice was never received by Petitioner.

10. On or about February 4, 2003, Petitioner delivered numerous lubricants onboard the LANNER. An invoice was issued for delivery of the lubricants totaling USD 7,216.20. Payment of this invoice was never received by Petitioner.

11. On or about March 19, 2003, Petitioner arranged for quantities of fuel oil and diesel oil to be brought onboard the oil tanker ELEANORA. The ELEANORA is owned by the Eleanora. An invoice was issued for the delivery of fuel oil and diesel oil totaling USD 228,196.57. Payment of this invoice was never received by the Petitioner.

12. On or about October 8, 2004, after receiving no payment from the Respondents, the Petitioner initiated an action against the Respondents in the Court of First Instance of Piraeus, Department of Maritime Disputes, in Piraeus Greece ("Trial Court").

13. In this Trial Court action, the Petitioner sought to obtain a declaration holding Peraticos jointly and severally liable with each ship owning company (Eleanora and Mystras) for the debts due and owing to the Petitioner. The Petitioner sought to "pierce the corporate veil" and show that Peraticos was the sole owner and operator of both Eleanora and Mystras and therefore was fully liable for all debts incurred by each company.

14. Under Greek Law, the Petitioner properly served each of the named Respondents by personally serving an exact certified copy of the legal action documents accompanied by an act of trial day appointment and summons for the hearing.

15. At the Trial Court's first hearing, Eleanora and Mystras failed to appear, move or otherwise respond to action. Peraticos appeared and participated in the hearing.

16. On March 7, 2006, the Trial Court entered default judgments against Eleanora and Mystras for failing to appear. The Court also entered judgment against Peraticos.

17. The Trial Court ordered that Eleanora and Peraticos jointly and severally pay USD 228,196.56 to the Petitioner. The Court also ordered that Mystras and Peraticos jointly and severally pay USD 153,235.12 to the Petitioner. The Petitioner was also awarded judicial costs totaling Euro 1,500[1], for a total judgment owed of $383,425.54[2]. A true copy of the Trial Court Judgment is attached as **Exhibit 1** to the Valdes Declaration.

18. The Court stated that the Petitioner proved that Peraticos was the sole shareholder and owner of both Eleanora and Mystras and was the actual and registered owner of the vessels, and in his personal trading activities, he incorporated Eleanora and Mystras as fictitious legal entities in order to enjoy the benefits of their existence by circumventing the legal provisions available to him and exploiting the existence of these companies for personal gain. Further the Court held that Peraticos comingled his personal property with the property of both companies and served as the sole decision maker concerning all company transactions.

19. The Trial Court determined that Praxis successfully "pierced the corporate veil" and found that Eleanora and Mystras were effectively being operated solely by Peraticos.

20. On or about May 3, 2006, Peraticos, Eleanora and Mystras separately appealed the Trial Court Judgment issued on March 7, 2006.

21. On or about February 8, 2007, the Appeal Court (Shipping Division) ("First Appellate Court Decision") upheld both appeals and overturned the Trial Court's Judgment in favor of Praxis. A true copy of the First Appellate Court Decision is attached as **Exhibit 2** to the Valdes Declaration.

22. On or about July 3, 2007, the Petitioner appealed the Appeals Court Judgment to the Supreme Court. On or about December 4, 2008, the Supreme Court overturned the First

---

[1] The equivalent of USD 1,993.86, currency conversion taken from xe.com on January 16, 2013.
[2] $228,196.56 + $153,235.12 + $1,993.86 = $383,425.54.

Appellate Court Decision (the "Supreme Court Decision") and referred the case back the Appeals Court for further consideration. A true copy of the Supreme Court Decision is attached as **Exhibit 3** to the Valdes Declaration.

23. On or about March 4, 2010, The Piraeus Court of Appeal (Maritime Division), again reviewed the appeals of Peraticos, Eleanora and Mystras, and dismissed all appeals, confirming the first ruling of the Trial Court issued in favor of the Petitioner (the "Final Judgment"). A true copy of the Final Judgment is attached as **Exhibit 4** to the Valdes Declaration.

24. The Final Judgment issued by The Piraeus Court of Appeals is a binding and final judgment and as a final judgment, under Greek law, it has *res judicata* effect.

25. This assertion is bolstered by the Declaration of Paris D. Karamitsios which confirms that the Final Judgment is, in fact, a final judgment. A true copy of Paris D. Karamitsios' Declaration is attached as **Exhibit 5** to the Valdes Declaration.

26. Praxis is entitled to execute said judgment and seek to collect any funds available in this jurisdiction.

27. The Final Judgment ordered that Eleanora and Peraticos jointly and severally pay USD 228,196.56 to the Petitioner, plus additional judicial costs of Euro 290[3] for filing the first appeal. The Final Judgment also provides that Mystras and Peraticos jointly and severally pay USD 153,235.12 to the Petitioner, plus additional judicial costs of Euro 290[4] for filing the first appeal. The Petitioner was also awarded the Trial Court costs totaling Euro 1,500[5], plus the

---

[3] The equivalent of USD 385.25, currency conversion taken from xe.com on January 16, 2013.
[4] *Id.*
[5] The equivalent of USD 1,993.86, currency conversion taken from xe.com on January 16, 2013.

additional judicial costs for the Final Judgment totaling Euro 600[6], for a total judgment now owed of $384,993.27[7].

28. The Final Judgment should be recognized by this Court on the basis of Comity. Comity is the recognition which one nation allows within its territory to the judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or other persons who are under the protection of its laws. *See Hilton v. Guyot*, 159 U.S. 113 (1895).

29. Furthermore, the Eleventh Circuit has established that actions to recognize and enforce foreign judgments in diversity cases are governed by state law. *See Turner v. Degeto Film*, 25 F.3d 1512 (11th Cir. 1994). Therefore, this Court is required to look to the Florida Out-of-Country Foreign Judgment Act (Florida Statute §§ 55.603 – 55.605) to determine whether recognition of the foreign judgment should be granted. A copy of the Florida Out-of-Country Foreign Judgment Act is attached hereto as **Exhibit 6** to the Valdes Declaration.

30. Despite numerous demands, Respondents have failed to remit the outstanding amounts due under the Final Judgment to the Petitioner.

WHEREFORE, Petitioner PRAXIS ENERGY AGENTS S.A., prays:

A. That process in due form of law be issued against NIKOLAOS PERATICOS a/k/a NICHOLAS PERATICOS a/k/a NICOLAS PERATICOS, ELEANORA MARITIME INC., AND MYSTRAS MARITIME CORP., citing Respondents to appear and answer under oath all, and singular matters alleged in the Verified Petition;

B. That its foregoing Petition to Domesticate the Foreign Judgment be granted and made into a Judgment of this Court, to be entered in favor of PRAXIS ENERGY AGENTS

---

[6] The equivalent of USD 797.23, currency conversion taken from xe.com on January 16, 2013.
[7] $228,196.56 + $153,235.12 + 2($385.25) + $1,993.86 + $ 797.23 = $384,993.27, currency conversion taken from xe.com on January 16, 2013.

S.A., and against Respondents, NIKOLAOS PERATICOS a/k/a NICHOLAS PERATICOS a/k/a NICOLAS PERATICOS, ELEANORA MARITIME INC., and MYSTRAS MARITIME CORP. and that this Court also adjudge Respondents liable to Petitioner for any applicable interest on the Judgment.

C. That this Court allow PRAXIS ENERGY AGENTS S.A. to conduct limited discovery within the jurisdiction to locate additional assets of the Respondents which may be used to satisfy the Judgment.

D. That PRAXIS ENERGY AGENTS S.A. be entitled to seize property located within this District in satisfaction of the Judgment.

E. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing the Judgment, and/or any further judgments which may be obtained;

F. That this Court grant Petitioner its costs and expenses, including reasonable attorneys' fees, in pursuing Judgment; and

G. That Petition may have such other, further and different relief as may be just and proper.

Dated: Coral Gables, Florida
February 5, 2013

By: _____

CHALOS & CO,. P.C.
*Attorneys for Petitioner*
PRAXIS ENERGY AGENTS S.A.

Michelle Otero Valdes
Florida Bar No. 14990
141 Almeria Avenue
Coral Gables, Florida 33134
Tel: (305) 377-3700
Fax: (866) 702-4577
Email: mov@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

Case Number: _____

PRAXIS ENERGY AGENTS S.A.

        Petitioner,

v.

NIKOLAOS PERATICOS a/k/a NICHOLAS
PERATICOS a/k/a NICOLAS PERATICOS,
ELEANORA MARITIME INC. and MYSTRAS
MARITIME CORP.,

        Respondents.
_____/

## VERIFICATION OF PETITION TO DOMESTICATE A FOREIGN JUDGMENT

Pursuant to 28 U.S.C. §1746, Theodosios Kyriazis son of Kyriazis, declares under the penalty of perjury:

1. I am and was, at all material times herein, the director of Praxis Energy Agents S.A., the Petitioner in the above-titled action which is a foreign business entity, with a registered address in the British Virgin Islands and which at all material times hereto, operated from its offices in Glyfada, Athens, Greece.

2. I am over the age of 18 and *sui juris*.

3. I am an authorized officer of Praxis Energy Agents S.A. and I attest that I have the express authorization to complete and sign this verification on behalf of Praxis Energy Agents S.A.

4. I have read the foregoing Verified Petition and know the contents thereof.

5. I believe the matters contained within said Verified Petition to be true based on documents and information obtained from the employees and representatives of the Petitioner through its agents, underwriters and attorneys.

6. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Singapore
January 30th, 2013

By: _____
Name: Theodosios Kyriazis son of Kyriazis
Title: Director

